IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERMAN KWOK,<br><br>    Defendant.<br>_____/ | No. CV 13-04976 SI<br><br>**ORDER CONTINUING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO REMAND** |

On September 24, 2013, plaintiff, proceeding *pro se*, filed a complaint against defendant Sherman Kwok in San Mateo County Superior Court. Docket No. 1, Compl. On October 25, 2013, defendant removed the action to this Court pursuant to 28 U.S.C. § 1441 based on federal question jurisdiction and pursuant to 28 U.S.C. § 1442(a)(1). Docket No. 1, Notice of Removal. On November 1, 2013, defendant filed a motion to dismiss plaintiff's complaint, or in the alternative, for a more definite statement. Docket No. 8. The proofs of service for the notice of removal and the motion to dismiss state that plaintiff was served via mail or federal express at "713 Cassia Street, Redwood City, CA 94063." Docket Nos. 4, 8-2.

On November 15, 2013, plaintiff filed a document entitled "Notice of opposition to Defendants' Notice of Removal." Docket No. 10. The Court construes this filing as a motion to remand the action back to state court. In the motion, plaintiff argues that he was never served with any documents from defendant's counsel, and plaintiff lists his address as "718 Cassia Street, Redwood City, CA 94063." *Id.* On November 26, 2013, defendant filed an addendum to his motion to dismiss, stating that the

documents were sent to 713 Cassia Street because that appeared to be the address that was listed on plaintiff's state court complaint, but that defendant would re-serve the document to 718 Cassia Street. Docket No. 13. Defendant has subsequently filed a proof of service stating that the notice of removal and the motion to dismiss were sent to 718 Cassia Street, Redwood City, CA 94063 via federal express overnight. Docket No. 14.

In light of the apparent error in service, the Court CONTINUES the hearing on defendant's motion to dismiss to **Friday, January 17, 2013** at **9:00 a.m.** Plaintiff's opposition to defendant's motion to dismiss is due by **December 23, 2013**. Defendant's reply is due by **January 3, 2013**.

Turning to the motion to remand, plaintiff argues that the Court should remand the action back to state court because he was never served with the removal documents pursuant to Federal Rule of Civil Procedure 4, and because the Court lacks subject matter jurisdiction. For the following reasons, the Court DENIES plaintiff's motion to remand.

**1.     Written Notice of Removal**

28 U.S.C. § 1446(d), not Federal Rule of Civil Procedure 4, provides the notice requirements for removal. *See Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1202 (S.D. Cal. 2009). Section 1446(d) provides: "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded." In determining whether a defendant has complied with 1446(d)'s prompt written notice requirement, a "'court should examine whether [the] defendant[] made a good faith effort to give notice and whether the plaintiff suffered prejudice as a result of a failure of notice.'" *Placencia v. World Sav. Bank, FSB*, 2011 U.S. Dist. LEXIS 44846, at *18 (D. Or. Feb. 25, 2011), *adopted by* 2011 U.S. Dist. LEXIS 44847 (D. Or. Apr. 26, 2011); *accord Rigsby v. Arizona*, 2012 U.S. Dist. LEXIS 10916, at *8 (D. Ariz. Jan. 31, 2012) ("'Where defendants make a good faith effort to give notice, and where plaintiffs suffer no prejudice as a result of the failure of that attempt, . . . the requirements of section 1446(d) are sufficiently fulfilled to effect removal.'").

2

1    Here, defendant has made a good faith effort to give plaintiff notice. In plaintiff's state court
2 complaint, his address appears to be listed as "713 Cassia St" although a closer examination of the
3 document shows that many of the 8's look like 3's. *See, e.g.*, Docket No. 1 at 6, 13. Once defendant
4 realized the error, he re-served the notice of removal to 718 Cassia Street. Docket No. 14. Moreover,
5 because plaintiff was able to file a motion to remand within 30 days of the notice of removal being filed
6 and the Court has extended the time for plaintiff to file his opposition to defendant's motion to dismiss,
7 plaintiff has not suffered any prejudice. Accordingly, the Court declines to remand the action for failure
8 to comply with the requirements of § 1446(d). *See, e.g.*, *Placencia*, 2011 U.S. Dist. LEXIS 44846
9 (denying motion to remand for lack of prompt notice where the defendant cured the defect in notice and
10 the plaintiff was able to timely file a motion to remand and an opposition to defendant's motion to
11 dismiss).

### 2. Subject Matter Jurisdiction

14    A defendant may only remove a state court action pursuant to 28 U.S.C. § 1441(a) if "the district
15 courts of the United States have original jurisdiction." There generally are two bases for federal subject
16 matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity
17 jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions
18 arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "presence
19 or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which
20 provides that federal jurisdiction exists only when a federal question is presented on the face of the
21 plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A
22 district court analyzes jurisdiction "on the basis of the pleadings filed at the time of removal without
23 reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159
24 F.3d 1209, 1213 (9th Cir. 1998).

25    Plaintiff argues that the Court lacks subject matter jurisdiction because he intended to file an
26 intentional tort claim against defendant for violations of California Penal Code §§ 1054, 1054.1, 113,
27 and 141, not a claim for violations of the Constitution. Docket No. 13 at 2. Despite plaintiff's intent,
28 the face of the state court complaint alleges that defendant violated plaintiff's rights under the Fifth,

3

Sixth, and Fourteenth Amendments of the U.S. Constitution. Docket No. 1 at 11-12. Therefore, the Court has federal question jurisdiction over the action.

Moreover, even assuming plaintiff did not allege a violation of his constitutional rights in the complaint, the Court would still have jurisdiction over the action pursuant to 28 U.S.C. § 1442(a)(1). Section 1442(a)(1) provides:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

28 U.S.C. § 1442(a)(1). "A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims, and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

Defendant Kwon is a "person" within the meaning of § 1442(a) because he is an employee of the Federal Bureau of Investigation and was acting within the scope of his employment. Notice of Removal ¶ 3; Docket No. 2. There is a "causal nexus" between defendant's actions and plaintiff's claims because the claims stem from defendant's alleged actions taken pursuant to his position as a FBI agent. *See* Docket No. 1 at 11-12. Defendant has a colorable federal defense to plaintiff's claims based on sovereign immunity. *See* Notice of Removal ¶ 5; *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities."); *see also Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) ("'[O]ne of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court.'"). Accordingly, the Court also has jurisdiction pursuant to 28 U.S.C. § 1442(a).

///

///

///

**CONCLUSION**

For the reasons above, the Court CONTINUES the hearing on defendant's motion to dismiss to **Friday, January 17, 2013** at **9:00 a.m.**, and DENIES plaintiff's motion to remand, Docket No. 10.

**IT IS SO ORDERED.**

Dated: December 2, 2013

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

5