IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>         Plaintiff,<br>   v.<br><br>SHERMAN KWOK,<br><br>         Defendant. | No. C 13-04976 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SUBSTITUTE AND GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

Currently before the Court is a motion by defendant Sherman Kwok to substitute the United States as a defendant and to dismiss plaintiff's first amended complaint ("FAC"). Having considered the parties' arguments, the Court hereby GRANTS defendant's motion to substitute the United States as a defendant with respect to plaintiff's Federal Tort Claims Act ("FTCA") claims and GRANTS defendant's motion to dismiss with leave to amend. If plaintiff wishes to amend his complaint, he must do so by **March 28, 2014**.

**BACKGROUND**

The following allegations are taken from plaintiff's first amended complaint. On March 22, 2011, plaintiff was taken into custody and charged with twenty felonies in a criminal proceeding. Docket No. 21, FAC ¶ 6. Defendant Kwok is an employee of the Federal Bureau of Investigation ("FBI"), and works in the FBI's Regional Computer Forensics Lab ("RCFL"). *Id.* ¶ 4; Docket No. 2. Kwok was designated the forensic examiner in plaintiff's criminal proceeding. FAC ¶ 7. During plaintiff's criminal proceeding, Kwok gave testimony about the contents of plaintiff's electronic devices and computer. FAC ¶¶ 13-20. Plaintiff alleges that defendant refused to provide him with exculpatory

evidence that would show that the San Mateo Police Department accessed plaintiff's personal computer and his email accounts while he was in custody. *Id.* ¶ 12. Plaintiff also alleges that Kwok gave false testimony during plaintiff's criminal trial. *Id.* ¶¶ 14, 18, 19, 21, 22, 25, 28.

On September 24, 2013, plaintiff filed a complaint against defendant Kwok in the Superior Court of San Mateo County alleging causes of action for intentional tort, violations of the California Penal Code ("CPC"), violations of the California Constitution, and violations of the United States Constitution. Docket No. 1, Compl. On October 25, 2013, defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a), 1441(c), and 1442(a)(1). Docket No. 1, Notice of Removal 1-3. Defendant then filed a motion to dismiss, or in the alternative, for a more definite statement. Docket No. 8. On November 15, 2013, plaintiff filed an opposition to defendant's notice of removal. Docket No. 10. The Court construed the filing as a motion to remand, and denied the motion. Docket No. 16 at 3-4.

On December 13, 2013, plaintiff filed an amended complaint, mooting defendant's prior motion to dismiss. *See* FAC; Docket No. 24. In the amended complaint, plaintiff alleges ten causes of action against Kwok: (1) that the Chief of the Civil Division, Alex G. Tse, may not certify Kwok's federal employment; (2) that the court should decline to exercise supplemental jurisdiction over his state law claims; (3) that Kwok was has no colorable defense for removal under 28 U.S.C. § 1442(a)(1); (4) violation of plaintiff's due process rights under Art. I, § 15 of the California Constitution; (5) violation of CPC §§ 1054, 1054.1; (6) violation of CPC § 131; (7) violation of CPC § 132; (8) violation of CPC § 135; (9) violation of CPC § 141; and (10) violation of CPC § 118. FAC ¶¶ 28-38. In the amended complaint, plaintiff seeks both damages and an injunction. *Id.* ¶¶ 40-43.

By the present motion, defendant (1) seeks to substitute the United States for Kwok as a defendant and (2) moves to dismiss all of the causes of action in the amended complaint. Docket No. 30, Def.'s Mot.

# LEGAL STANDARD

## I. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. If the court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotations marks omitted).

## II. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. P. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

3

U.S. 375, 377 (1994) (citation omitted).  A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).  When the complaint is challenged for lack of subject matter jurisdiction on its face, we "assume [plaintiff's] allegations to be true and draw all reasonable inferences in his favor."  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  But for factual attacks in which the "jurisdictional issue is separable from the merits of the case," "'no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'"  *Thornhill Pub'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

## DISCUSSION

### I.  Removal and Subject Matter Jurisdiction

The first three causes of action listed in plaintiff's FAC are challenges to defendant's removal of the action and to the Court's subject matter jurisdiction.  FAC ¶¶ 28-31, 39.  In response to these assertions, defendant argues that removal was proper, and the Court has subject matter jurisdiction over plaintiff's claims.  Def.'s Mot. at 5-6.  The Court liberally construes these first three claims as a motion to remand.

In the first claim, plaintiff objects to the certification of Kwok's FBI employment used to support removal.  FAC ¶ 28.  Along with the notice of removal, defendant filed a certification pursuant to 28 U.S.C. § 2679(d).  Docket No. 2.  In the certification, Alex G. Tse, Director of the Civil Division of the United States Attorney's Office for the Northern District of California, certified that Kwok is an employee of the FBI and was acting within the course and scope of his employment at all material times with respect to plaintiff's allegations.  *Id.*  Plaintiff argues that the Court should disregard Tse's certification because Tse purportedly has a conflict of interest and no personal knowledge of Kwok's employment.  FAC ¶ 28.

Under section 2679(d) of the FTCA, the government may remove a state case to federal court upon certification by the "Attorney General that the defendant employee was acting within the scope

4

of his office or employment at the time of the incident out of which the claim arose."[1] 28 U.S.C. § 2679(d)(2). Upon certification the "proceeding shall be deemed to be an action or proceeding brought against the United States." 28 U.S.C. § 2679(d)(2). "[T]he Attorney General's certification is conclusive for purposes of removal, *i.e.*, once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court." *Osborn v. Haley*, 549 U.S. 225, 231 (2007); *accord* 28 U.S.C. § 2679(d)(2). "[T]he Attorney General's certificate forecloses any jurisdictional inquiry." *Osborn*, 549 U.S. at 243.

Because a section 2679(d) certification is conclusive for purposes of removal, the Court may not remand the action regardless of any challenges plaintiff raises to the propriety of the certification.[2] *See Osborn*, 549 U.S. at 231, 241-44 ("Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted."). Accordingly, the Court DENIES plaintiff's motion to remand.[3] Moreover, because the action is considered an action against the United States upon certification, the Court GRANTS defendant's motion to substitute and substitutes the United States for Sherman Kwok as the defendant with respect to plaintiff's FTCA claims. *See* 28 U.S.C. § 2679(d)(2); *Osborn*, 549 U.S. at 241 ("If the action is launched in a state court, and the Attorney General makes the [§ 2679(d)] certification, . . . the United States must be substituted

---

[1] 28 C.F.R. § 15.4(a) authorizes the Director of the Civil Division for the district where the civil action is brought to also make a § 2679(d) certification.

[2] A challenge to the propriety of a § 2679(d) certification can at most result in the resubstitution of the individual federal officer as the defendant for the purposes of trial, but it cannot result in a remand to state court. *See Osborn*, 549 U.S. at 241. Moreover, the Court rejects plaintiff's argument that the certification was improper because Tse has a conflict of interest and lacks personal knowledge. Tse as the Director of the Civil Division in this district is expressly authorized to make a § 2679(d) certification. *See* 28 C.F.R. § 15.4(a). Therefore, it was proper for Tse to make the certification in this action.

[3] In the FAC, plaintiff also argues that the action should be remanded because (1) the Court should decline to exercise supplemental jurisdiction over plaintiff's state law tort claims pursuant to 28 U.S.C. § 1367(c); and (2) removal of the action pursuant to 18 U.S.C. § 1442(a)(1) was improper because defendant lacks a colorable federal defense. FAC ¶¶ 29-31. However, the Court need not address these additional arguments. Even assuming plaintiff's arguments have merit, the § 2679(d) certification is conclusive for purposes of removal and forecloses any jurisdictional inquiry regarding the removal. *See Osborn*, 549 U.S. at 231, 241-44 ("For purposes of establishing a forum to adjudicate the case . . . , § 2679(d)(2) renders the Attorney General's certification dispositive."). Once the action was removed and the certification was effective, "exclusive competence to adjudicate the case resides in [this] [C]ourt, and th[e] [C]ourt may not remand the suit to the state court." *Id.* at 231.

1 as the defendant."); *see also Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) ("[T]he United States is the only proper defendant in an FTCA action.").

## II. Plaintiff's Claim for Violation of the California Constitution

Plaintiff alleges that Kwok violated his due process rights under Article I, Section 15 of the California Constitution. FAC ¶¶ 25, 32. Defendant argues that this claim is governed by the FTCA. *See* Def.'s Mot. 6-7. Defendant further argues that this claim should be dismissed because plaintiff has failed to exhaust his administrative remedies as required by the FTCA. *Id.*

The United States and its agents are immune from suit except where the United States has waived sovereign immunity and consented to be sued. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). It is well established that the United States' sovereign immunity bars both actions for damages and actions for equitable relief. *See Midwest Growers Coop. Corp. v. Kirkemo*, 533 F.2d 455, 465 (9th Cir. 1976); *Oliva v. United States*, 221 F.R.D. 540, 543 (D. Haw. 2003) ("[T]he doctrine of sovereign immunity bars both equitable and legal remedies against the United States, unless the United States has consented to suit.").

The FTCA constitutes a waiver by the United States of its "sovereign immunity for claims arising out of torts committed by federal employees" that seek monetary damages. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008) (citing 28 U.S.C. § 1346(b)). The FTCA is the exclusive mode of recovery for the tort of an United States employee. *M.J. v. United States*, 721 F.3d 1079, 1084 (9th Cir. 2013). Therefore, "if a claim is properly against the United States under the FTCA, the FTCA becomes the sole remedy and the individual tortfeasor is immunized from liability." *Id.* The FTCA applies to state constitutional tort claims against a federal employee. *See Papa v. United States*, 281 F.3d 1004, 1010 n.20 (9th Cir. 2002); *Hartmann v. Hanson*, 2010 U.S. Dist. LEXIS 5111, at *17-18 (N.D. Cal. Jan. 22, 2010). In deciding the merits of an FTCA claim, "the law of the State [is] the source of substantive liability under the FTCA." *FDIC*, 510 U.S. at 478.

Plaintiff alleges that defendant Kwok was an employee of the FBI's RCFL at the time plaintiff was harmed. FAC ¶ 4. Therefore, plaintiff's cause of action for violation of Article I, Section 15 of the California Constitution is governed by the FTCA. *See Papa*, 281 F.3d at 1010, n.20. However, to the

6

extent plaintiff seeks damages for this cause of action, plaintiff fails to state a claim under California substantive law, because the California Constitution does not provide a private right of action for damages to remedy an asserted violation of Article I, Section 15 of the California Constitution. *See Reinhardt v. Santa Clara Cnty.,* 2006 WL 662741, at *8 (N.D. Cal. Mar. 15, 2006) ("[T]here is no constitutional tort cause of action for damages to remedy plaintiff's asserted violation of rights under Art 1, § 15 of the California Constitution."); *Weimer v. Cnty. of Kern*, 2006 WL 3834237, at *8 (E.D. Cal. Dec. 28, 2006); *see also Katzberg v. Regents of Univ. of Cal.*, 29 Cal. 4th 300, 328-29 (2002) (holding that there is no constitutional tort cause of action for damages to remedy an asserted violation of plaintiff's due process rights under Article I, Section 7(a) of the California Constitution). Therefore, to the extent plaintiff seeks damages for this claim, the claim fails.

In the amended complaint, plaintiff also requests injunctive relief. FAC ¶¶ 40-42. However, the FTCA does not authorize suits against the United States for equitable relief such as an injunction. *See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992) (holding that the FTCA only provides for monetary damages, not equitable relief); *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974) ("The [FTCA] makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief"). Therefore, to the extent plaintiff seeks injunctive relief for this claim, the claim is barred by sovereign immunity. *See id.* Accordingly, the Court dismisses with prejudice plaintiff's cause of action for violation of Article I, Section 15 of the California Constitution.

### III. Plaintiff's Claims for Violations of the California Penal Code

Plaintiff alleges claims against defendant Kwok for violations of CPC §§ 118, 131, 132, 135, 141 1054, and 1054.1. *See* FAC ¶¶ 33-38. Defendant argues these causes of action should be dismissed because the statutes do not allow for a private right of action. Def.'s Mot. at 7.

Generally, criminal statutes do not create private rights of action and violations of criminal statutes cannot serve as a basis for civil liability. *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming dismissal of sixteen causes of action predicated on violations of the CPC "[b]ecause these code sections do not create enforceable individual rights"); *see also Aldabe v. Aldabe*,

616 F.2d 1089, 1092 (9th Cir. 1980) (holding that 18 U.S.C. §§ 241 and 242 are criminal provisions that provide no basis for civil liability). For a section of the CPC to provide a private right of action, there must be "at least [some] statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (citation and internal quotations omitted); *see also Clinkscales v. Carver*, 22 Cal. 2d 72, 75 (1943) ("A statute that provides for a criminal proceeding only does not create a civil liability; if there is no provision for a remedy by civil action to persons injured by a breach of the statute it is because the Legislature did not contemplate one.").

A review of the identified CPC sections shows that there is no statutory basis for inferring that any of the sections provide for a private right of action. *See* Cal. Penal Code §§ 118, 131, 132, 135, 141, 1054, 1054.1;[4] *see also, e.g.*, *Estate of Mohammed v. City of Morgan Hill*, 2012 U.S. Dist. LEXIS

---

[4] CPC § 118 provides:

(a) Every person who, having taken an oath that he or she will testify, declare, depose, or certify truly before any competent tribunal, officer, or person, in any of the cases in which the oath may by law of the State of California be administered, willfully and contrary to the oath, states as true any material matter which he or she knows to be false, and every person who testifies, declares, deposes, or certifies under penalty of perjury in any of the cases in which the testimony, declarations, depositions, or certification is permitted by law of the State of California under penalty of perjury and willfully states as true any material matter which he or she knows to be false, is guilty of perjury. This subdivision is applicable whether the statement, or the testimony, declaration, deposition, or certification is made or subscribed within or without the State of California.
(b) No person shall be convicted of perjury where proof of falsity rests solely upon contradiction by testimony of a single person other than the defendant. Proof of falsity may be established by direct or indirect evidence.

CPC § 131 provides:

Every person in any matter under investigation for a violation of the Corporate Securities Law of 1968 (Part 1 (commencing with Section 25000) of Division 1 of Title 4 of the Corporations Code), the California Commodity Law of 1990 (Chapter 1 (commencing with Section 29500) of Division 4.5 of Title 4 of the Corporations Code), Section 16755 of the Business and Professions Code, or in connection with an investigation conducted by the head of a department of the State of California relating to the business activities and subjects under the jurisdiction of the department, who knowingly and willfully falsifies, misrepresents, or conceals a material fact or makes any materially false, fictitious, misleading, or fraudulent statement or representation, and any person who knowingly and willfully procures or causes another to violate this section, is guilty of a misdemeanor punishable by imprisonment in a county jail not exceeding one year, or by a fine not exceeding twenty-five thousand dollars ($25,000), or by both that imprisonment and fine for each violation of this section. This section does not apply to conduct charged as a violation of Section 118 of this code.

8

CPC § 132 provides:

Every person who upon any trial, proceeding, inquiry, or investigation whatever, authorized or permitted by law, offers in evidence, as genuine or true, any book, paper, document, record, or other instrument in writing, knowing the same to have been forged or fraudulently altered or ante-dated, is guilty of felony.

CPC § 135 provides:

Every person who, knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever, authorized by law, willfully destroys or conceals the same, with intent thereby to prevent it from being produced, is guilty of a misdemeanor.

CPC § 141 provides:

(a) Except as provided in subdivision (b), any person who knowingly, willfully, and intentionally alters, modifies, plants, places, manufactures, conceals, or moves any physical matter, with specific intent that the action will result in a person being charged with a crime or with the specific intent that the physical matter will be wrongfully produced as genuine or true upon any trial, proceeding, or inquiry whatever, is guilty of a misdemeanor.
(b) Any peace officer who knowingly, willfully, and intentionally alters, modifies, plants, places, manufactures, conceals, or moves any physical matter, with specific intent that the action will result in a person being charged with a crime or with the specific intent that the physical matter will be wrongfully produced as genuine or true upon any trial, proceeding, or inquiry whatever, is guilty of a felony punishable by two, three, or five years in the state prison.
(c) Nothing in this section shall preclude prosecution under both this section and any other provision of law.

CPC § 1054 provides:

This chapter shall be interpreted to give effect to all of the following purposes:
(a) To promote the ascertainment of truth in trials by requiring timely pretrial discovery.
(b) To save court time by requiring that discovery be conducted informally between and among the parties before judicial enforcement is requested.
(c) To save court time in trial and avoid the necessity for frequent interruptions and postponements.
(d) To protect victims and witnesses from danger, harassment, and undue delay of the proceedings.
(e) To provide that no discovery shall occur in criminal cases except as provided by this chapter, other express statutory provisions, or as mandated by the Constitution of the United States.

CPC § 1054.1 provides:

The prosecuting attorney shall disclose to the defendant or his or her attorney all of the following materials and information, if it is in the possession of the prosecuting attorney or if the prosecuting attorney knows it to be in the possession of the investigating agencies:
(a) The names and addresses of persons the prosecutor intends to call as witnesses at trial.
(b) Statements of all defendants.
(c) All relevant real evidence seized or obtained as a part of the investigation of the

9

81378, at *20-21 (N.D. Cal. Jun. 12, 2012) (holding that CPC § 118 does not provide a private right of action); *Crump v. City and Cnty. of S.F.*, 2007 WL 2793368, at *3 (N.D. Cal. Sep. 26, 2007) (holding that CPC § 132 does not provide a private right of action); *Phillips v. Sacramento Cnty.*, 2007 WL 4570838, at *1 n.2 (E.D. Cal. Dec. 27, 2007) (holding that CPC §§ 132 and 141 do not provide a private right of action). Accordingly, the Court dismisses with prejudice plaintiff's fifth through tenth causes of action for violations of CPC §§ 118, 131, 132, 135, 141, 1054, and 1054.1.

## IV. Plaintiff's Opposition

In his opposition to defendant's motion, plaintiff argues that his complaint should not be dismissed because he has provided sufficient allegations showing that defendant violated his due process rights under the United States Constitution. Docket No. 31, Pl.'s Opp'n 2-3. However, in the FAC, plaintiff does not allege a cause of action against defendant for violation of his due process rights under the United States Constitution. *See generally* FAC. Statements made in an opposition brief cannot amend the complaint. *Missud v. Oakland Coliseum Joint Venture*, 2013 U.S. Dist. LEXIS 29915, at *39 (N.D. Cal. Mar. 5, 2013); *see also Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Therefore, if plaintiff seeks to allege a cause of action against defendant for violation of his federal due process rights, plaintiff must amend the FAC. *See Vaccaro v. CVS Pharm., Inc.*, 2013 U.S. Dist. LEXIS 99991, at *2 n.1 (S.D. Cal. July 16, 2013). Although the statements in plaintiff's opposition cannot amend the complaint, the Court may consider these statements in determining whether to grant plaintiff leave to amend. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining

---

offenses charged.
(d) The existence of a felony conviction of any material witness whose credibility is likely to be critical to the outcome of the trial.
(e) Any exculpatory evidence.
(f) Relevant written or recorded statements of witnesses or reports of the statements of witnesses whom the prosecutor intends to call at the trial, including any reports or statements of experts made in conjunction with the case, including the results of physical or mental examinations, scientific tests, experiments, or comparisons which the persecutor intends to offer in evidence at the trial.

whether to grant leave to amend or to dismiss the complaint with or without prejudice."). Accordingly, in light of plaintiff's *pro se* status, the Court will grant plaintiff leave to amend to attempt to allege a *Bivens* claim[5] against defendant Kwok for violation of the Due Process Clause of the United States Constitution. *See Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005) (stating that leave to amend "'should be granted more liberally to *pro se* plaintiffs'").

## CONCLUSION

For the foregoing reasons:

1. The Court DENIES plaintiff's motion for remand.

2. The Court GRANTS defendant's motion to substitute and SUBSTITUTES the United States for Sherman Kwok as the defendant for plaintiff's FTCA claims.

3. The Court GRANTS defendant's motion to dismiss and GRANTS plaintiff leave to amend. Specifically, the Court dismisses with prejudice plaintiff's claim for violation California Constitution and plaintiff's claims for violations of the California Penal Code. The Court GRANTS plaintiff leave to amend his complaint to attempt to allege a *Bivens* claim against defendant Kwok for violation of plaintiff's due process rights under the United States Constitution. If plaintiff chooses to file a second amended complaint, it shall be consistent with the terms of this Order and must be filed on or before **March 28, 2014.**

This order resolves Docket No. 30.

**IT IS SO ORDERED.**

Dated: March 3, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[5] *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

11