United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PEDRO RODRIGUEZ,

    Plaintiff,

v.

SHERMAN KWOK,

    Defendant.

No. C 13-04976 SI

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

    A motion by defendant Sherman Kwok to dismiss plaintiff Pedro Rodriguez's second amended complaint ("SAC") is scheduled for a hearing on May 23, 2014. Docket No. 40. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss.

**BACKGROUND**

    On March 22, 2011, plaintiff was taken into custody and charged with several felonies in a criminal proceeding. Docket No. 21, FAC ¶ 6. Defendant Kwok is an employee of the Federal Bureau of Investigation ("FBI"), and works in the FBI's Regional Computer Forensics Lab ("RCFL"). *Id.* ¶ 4; Docket No. 2. Kwok was designated as the forensic examiner in plaintiff's criminal proceedings. Docket No. 21, FAC ¶ 7. During plaintiff's criminal proceedings, Kwok gave testimony about the contents of plaintiff's electronic devices and computer. *Id.* ¶¶ 13-20. Plaintiff alleges that during his

criminal proceedings, Kwok refused to provide him with exculpatory evidence. *Id.* ¶¶ 14, 18, 19, 21, 22, 25, 28; Docket No. 39, SAC ¶¶ 8-11. Plaintiff also alleges that Kwok gave false testimony during plaintiff's criminal trial. Docket No. 39, SAC ¶¶ 8, 10.

On September 24, 2013, plaintiff filed a complaint against defendant Kwok in the Superior Court of San Mateo County alleging causes of action for intentional tort, violations of the California Penal Code ("CPC"), violations of the California Constitution, and violations of the United States Constitution. Docket No. 1, Compl. On October 25, 2013, defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a), 1441(c), and 1442(a)(1). Docket No. 1, Notice of Removal 1-3.

On November 1, 2013, defendant filed a motion to dismiss the complaint. Docket No. 8. On December 13, 2013, plaintiff filed a first amended complaint, mooting defendant's prior motion to dismiss. *See* FAC; Docket No. 24. On January 10, 2014, defendant filed a motion to dismiss the first amended complaint. Docket No. 30. On March 3, 2014, the Court granted defendant's motion to dismiss and granted plaintiff leave to file a second amended complaint to attempt to allege a *Bivens* claim against defendant. Docket No. 37.

On March 26, 2014, plaintiff filed a second amended complaint alleging claims against defendant Kwok under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of his due process rights under the Fifth and Fourteenth Amendments and his rights under the Sixth Amendment. Docket No. 39, SAC. By the present motion, defendant moves to dismiss all of the claims in the SAC for failure to state a claim. Docket No. 40, Def's Mot.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of

1 specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. If the court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotations marks omitted).

## DISCUSSION

Defendant argues that all of the claims in the second amended complaint are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Def.'s Mot. at 3-4. In response, plaintiff argues that his claims are not barred by *Heck* because he is no longer in custody. Docket No. 43, Pl.'s Opp'n at 2.

"Under *Heck v. Humphrey*, a state prisoner cannot recover damages in a § 1983 suit if a judgment in favor of the plaintiff 'would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (quoting *Heck*, 512 U.S. at 487) (footnote omitted). The *Heck* rule applies to claims for equitable relief in addition to claims for damages. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that

1 action would necessarily demonstrate the invalidity of confinement or its duration."). Further, the
2 holding in *Heck* applies equally to *Bivens* actions. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

3       A claim alleging a constitutional violation under *Brady v. Maryland* falls within the *Heck*
4 doctrine. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1300 (2011) ("Brady claims have ranked within the
5 traditional core of habeas corpus and outside the province of § 1983."); *Poventud v. City of New York*,
6 2014 U.S. App. LEXIS 864, at *29 (2d Cir. Jan. 16, 2014) (en banc) ("This Court has emphatically and
7 properly confirmed that *Brady*-based § 1983 claims necessarily imply the invalidity of the challenged
8 conviction in the trial (or plea) in which the *Brady* violation occurred."); *see, e.g.*, *Ciria v. Rubino*, No.
9 C 07-4770 MMC, 2008 U.S. Dist. LEXIS 70229, at *17-18 (N.D. Cal. Sept. 17, 2008). In addition, a
10 claim alleging that a material witness in a criminal trial committed perjury falls within the *Heck*
11 doctrine. *See, e.g.*, *Rodriguez v. City of Stockton*, No. CIV S-10-0204 GEB CKD, 2012 U.S. Dist.
12 LEXIS 6509, at *8-9 (E.D. Cal. Jan. 20, 2012); *Easton v. Gianetti*, No. C-96-3818 SI, 1997 U.S. Dist.
13 LEXIS 5526, at *8 (N.D. Cal. Apr. 17, 1997).

14       Here, plaintiff's claims challenge the validity of his conviction and, thus, fall squarely within
15 the *Heck* rule. Specifically, plaintiff alleges that defendant withheld exculpatory evidence in violation
16 of *Brady v. Maryland*. SAC ¶¶ 8-11. In addition, plaintiff alleges that defendant gave false testimony
17 against him during his criminal trial. *Id.* ¶¶ 8, 10. Both of these claims fall within the *Heck* rule.
18 Therefore, plaintiff's claims are barred by *Heck* unless plaintiff can demonstrate that his conviction or
19 sentence has already been invalidated. Plaintiff does not allege or argue that his conviction or sentence
20 has been invalidated.[1] Therefore, plaintiff's claims are barred by *Heck*. *See Guerrero*, 442 F.3d at 703.

---

[1] In his opposition, plaintiff states that he filed habeas petitions while he was incarcerated. Pl.'s Opp'n at 5. However, the mere filing of a habeas petition is insufficient to overcome the *Heck* bar, as *Heck* requires that the conviction or sentence already be invalidated. *See Guerrero*, 442 F.3d at 703.

4

Plaintiff argues that his claims are not barred by *Heck* because he is no longer in custody.[2] Pl.'s Opp'n at 2. In *Nonnette v. Small*, the Ninth Circuit carved out a narrow exception to the *Heck* doctrine for civil rights plaintiffs who have been released from incarceration. 316 F.3d 872 (9th Cir. 2002). In *Nonnette*, the Ninth Circuit held that the plaintiff's claim that he had been deprived of good-time credits was not subject to the *Heck* rule. *Id.* at 874-77. The Ninth Circuit explained that although a claim for loss of good-time credits would normally be subject to the *Heck* requirement, because the plaintiff in that case was released from incarceration, he could no longer challenge the alleged deprivation of good time credits through a petition for habeas corpus. *Id.* at 875-76. Based on these circumstances, the Ninth Circuit held that *Heck* did not bar the plaintiff's claims. *Id.* at 877. However, the Ninth Circuit in *Nonnette* "emphasize[d]" that its holding "affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters." *Id.* at 878 n. 7. In addition, the Ninth Circuit in a subsequent decision has explained "that *Nonnette*'s relief from *Heck* 'affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters,' not challenges to an underlying conviction . . . ." *Guerrero*, 442 F.3d at 705. Here, plaintiff's claims challenge his underlying conviction, not the loss of good-time credits or revocation of parole. *See* SAC ¶¶ 8-11. Therefore, the narrow exception from *Nonnette* does not apply to his circumstances.[3] Accordingly, all of the claims in the SAC are barred by *Heck*.

---

[2] In his opposition, plaintiff also cites to the Second Circuit's decision in *Poventud v. City of New York*, 715 F.3d 57 (2d Cir. 2013). Pl.'s Opp'n at 2. However, plaintiff's reliance on this authority is unpersuasive. The particular opinion cited by plaintiff has been vacated by the Second Circuit sitting en banc. *See Poventud*, 2014 U.S. App. LEXIS 864, at *14. Moreover, the Second Circuit's en banc decision in *Poventud* does not support plaintiff's position because the plaintiff in *Poventud* had succeeded in invalidating his prior conviction, something that plaintiff Rodriguez does not allege has occurred here. *See id.* at *5-6 ("Poventud did exactly what *Heck* required of him. He sought a state court determination that his due process rights were violated in his jury trial, he secured a state court judgment vacating his 1998 conviction, and the State chose not to appeal.")

[3] Moreover, it appears that plaintiff's assertion that he is no longer in custody is incorrect. A docket report attached to defendant's reply brief shows that although plaintiff was released from incarceration on January 13, 2014, he is still subject to supervised release. Docket No. 44, App'x. 1. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of this docket report because it is a matter of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). "[A] petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation." *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Therefore, it appears that plaintiff is still "in custody" for purposes of habeas jurisdiction, and the avenue of habeas corpus remains available to him.

5

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant Kwok's motion to dismiss. Because the defects in the second amended complaint cannot be cured by amendment, the Court DISMISSES plaintiff's second amended complaint WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: May 20, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE